[No. 3,949.]

IN THE MATTER OF THE ESTATE OF MARGARETHA
PFUELB.

CONSTRUCTION OF A WILL.—A will, made before the present Codes took
effect, is to be construed under the statutes in force at the time it was
made.

CONSTRUCTION OF A WILL.—The word "relation," in the statute, providing
that a devise to a relation shall not lapse by the death of the devisee
during the lifetime of the testator, if the devisee leaves lineal descend-
ants, includes only relations by blood, and not by affinity.

APPEAL from the Probate Court, City and County of San
Francisco.

The Court below denied the application for a distribution
of the four thousand dollars to the daughter of the deceased
step-son, and she appealed.

The other facts are stated in the opinion.

*Gray & Haven*, for the Appellant.

*George & Loughborough*, for the Respondent.

By the Court, CROCKETT, J.:

In the year 1869 the testatrix made and published her
last will and testament, by which she bequeathed to a son
of her deceased husband, by a former wife, the sum of four
thousand dollars.   The step-son died in May, 1872, leaving

a surviving daughter, and the testatrix died in the September following. Her will has been duly probated; and the daughter of the step-son applies for distribution of the four thousand dollars, claiming that the legacy to her father did not lapse, but survives to her under our statute of wills.

The testatrix having died before the present Codes took effect, the will is to be construed under the statutes then in force; section twenty of which is as follows: "When any estate shall be devised to any child or other relation of the testator, and the devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate so given by the will, in the same manner as the devisee would have done if he would have survived the testator." (Statutes 1850, p. 179.) The question for determination is, whether the step-son was a "relation" of the testatrix in the sense of this section.

It will be observed that the provision of the statute is confined to a devise to "any child or other relation of the testator." Does the term "relation," as here used, include relations by affinity as well as by blood ? In its widest popular sense, it might possibly include both; but Courts have been frequently called upon to construe it in the interpretation of wills, and it has been uniformly held to include, in its legal sense, only relations by consanguinity. (2 Kent's Com. 537, note; 2 Jarman on Wills, 45; 2 Redfield on Wills, 425; *Storer* v. *Whitney,* 1 Penn. St. R. 506.)

In *Esty* v. *Clarke,* (101 Mass. 36,) the Court was called upon to construe a statute strictly analogous to ours; and it was there held that the wife is not a relation of the husband within the meaning of the statute, and that her son by a former marriage, will not, by virtue of the statute, take a bequest to her by her husband. It is unnecessary for us to go so far in this case; but if the son by a former marriage of a deceased husband of the testatrix, is a "relation" within the sense of the statute, then a cousin in the third or fourth, or any remote degree of the husband, would come within the same category. In providing that a devise to a "relation" of the testator should not lapse by the death of the devisee during the lifetime of the testator, if

the devisee left lineal descendants, it was not intended to include persons in no wise related to the testator, except through affinity.

Order affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.