MARY ELIZABETH SMITH, Appellant, *v.* RIENZI A. SECOR et al., Defendants; IRVING BACHRACH, Purchaser, Respondent.

REAL PROPERTY — TITLE — DEFECTIVE PARTITION — ABSENCE OF PROVISION FOR UNBORN OWNERS. Where a devise for several beneficiaries, in trust for two lives with remainders in fee, includes contingent interests of persons not in being, a marketable title to the property is not furnished by a judgment in an uncontested action of partition, before the termination of the trust, to which all living persons interested were parties, but making no provision for the benefit of after-born devisees.

*Smith* v. *Secor*, 31 App. Div. 103, affirmed.

(Argued November 21, 1898; decided December 16, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1898, reversing an order of the Special Term refusing to relieve Irving Bachrach from his purchase of certain premises upon a sale thereof in partition.

Mary A. Secor died June 14th, 1894, seized and possessed of valuable real estate in the city of New York, the residuum of which by her will she divided into seven parts, and devised six thereof to her executors in trust, to hold one for each of her children. She provided that the trust should continue during the lives of her daughter Adelle and her son Rienzi, and directed the trustees to rent all of said real estate during the continuance of the trust. She required the income of said six-sevenths to be divided equally among her six children, and directed what disposition should be made of the income on the death of any child during the period of the trust. Upon the death of Adelle and Rienzi the trust was to terminate, and she directed that the trustees should then sell the property and divide ·the net proceeds " equally among all of my said six children, then living * * * and the descendants of such as may then be dead." If there was no descendant of a deceased child its share was to be equally distributed among her children then living.

Charles A. Secor, one of her children, died before herself, and

this action was brought to partition an undivided seventh of the residuum of the real estate upon the theory that she died intestate as to the seventh, which would have gone to Charles had he lived until the end of the trust. All living persons interested were made parties, but none appeared except certain infants whose guardians *ad litem* put in the usual general answer. The trustees made no defense; judgment of partition was taken in the usual form, practically by default, and no provision was made for unknown owners or after-born children. No suggestion or notice appeared in the terms of sale putting purchasers on guard as to the title that they would get. Irving Bachrach purchased at the sale, but upon being advised by counsel that a good and marketable title could not be given by the referee's deed pursuant to said judgment, he moved at Special Term to be relieved from his purchase. The Special Term denied the motion upon the ground that the testatrix died intestate with respect to the share to be held in trust for her son Charles, and upon the further ground that the final judgment confirming the referee's report and the sale was a full protection to the purchaser. Upon appeal, the Appellate Division held " that it was the evident intention of the testatrix that the trust was to continue during the life of her daughter Adelle and her son Rienzi, independent of the lives of those children whom she had designated as the ones who should receive the income of the trust during its continuance; " that she " did not die intestate as to the share of a child designated to receive a portion of the income of the trust estate who had died before " herself; " that such share constituted a portion of the trust estate, and that the income thereof, under the provisions of the Revised Statutes (1 R. S. 726, § 40), devolved on the persons presumptively entitled to the next eventual estate; that as the final distribution was to be made among those children who survived the trust term, and the descendants of those who had died during that period, a purchaser at a sale in partition, taking place prior to the expiration of the trust term, would not be required to take title, as the judgment would not bind the unborn descendants." From the

order of the Appellate Division reversing the order of the Special Term the plaintiff appealed to this court.

*James Stikeman* for appellant. The order is appealable. (Code Civ. Pro. §§ 3333, 3334; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Archer* v. *Archer*, 155 N. Y. 415.) The statutory rule saving legacies from lapsing cannot be extended. (*Matter of Wells*, 113 N. Y. 396.) The primary provision for Charles having failed, the ulterior provisions must necessarily fail. (*Monarque* v. *Monarque*, 80 N. Y. 324; *Deegan* v. *Von Glahn*, 75 Hun, 39; 144 N. Y. 573; *Cowen* v. *Rinaldo*, 82 Hun, 479; 1 R. S. 728, 730, § 67.) The final judgment protects the purchaser. (*Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Kirk* v. *Kirk*, 137 N. Y. 516.) The unborn class was abundantly represented in the partition suit. (*Kent* v. *Church of St. Michael*, 136 N. Y. 18.)

*Julius J. Frank* and *Myer S. Isaacs* for respondent. The order appealed from is not reviewable in this court and the appeal should, therefore, be dismissed for lack of jurisdiction. (*Shriver* v. *Shriver*, 86 N. Y. 575; *Miller* v. *Collyer*, 36 Barb. 250; *Cazet* v. *Hubbell*, 36 N. Y. 677; *Proctor* v. *Farnam*, 5 Paige, 614; *Andrews* v. *O'Mahoney*, 112 N. Y. 567, 572; Code Civ. Pro. § 190, subd. 1; *People* v. *A. L. & T. Co.*, 150 N. Y. 117; *Riggs* v. *Pursell*, 74 N. Y. 379; *Jewellers' M. Agency* v. *Rothschild*, 155 N. Y. 255; *Van Arsdale* v. *King*, 155 N. Y. 325; *Ray* v. *N. Y. B. E. R. Co.*, 155 N. Y. 102; *N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645.) The present action for partition was not maintainable. (*Haight* v. *Pine*, 3 App. Div. 434; *Vernon* v. *Vernon*, 53 N. Y. 361; *Downing* v. *Marshall*, 23 N. Y. 366; *Floyd* v. *Carow*, 88 N. Y. 560; *Wager* v. *Wager*, 96 N. Y. 171; *Shangle* v. *Hallock*, 6 App. Div. 55; *Smith* v. *Smith*, 141 N. Y. 29, 34; *McLean* v. *Freeman*, 70 N. Y. 81; *Phillips* v. *Davies*, 92 N. Y. 199; 1 R. S. 726, § 40; *Robert* v. *Corning*, 89 N. Y. 225; *Fraser* v. *Trustees U. P. Church*, 124 N. Y. 479.) The purchaser is not protected by the judgment.

(*O'Donoghue* v. *Boies*, 92 Hun, 3; *Greenleaf* v. *B.*, *F.* & *C.
I. R. Co.*, 141 N. Y. 398.)   The proceedings in the action
were defective.   (Code Civ. Pro. §§ 1561, 1562.)   If the
title was defective when tendered, the purchaser should be
relieved.   (*Toole* v. *Toole*, 112 N. Y. 333; *Heller* v. *Cohen*,
154 N. Y. 299.)

VANN, J.   We agree with the learned Appellate Division
in its construction of the will and the reasons given therefor,
but as it is urged by the appellant that the judgment in par-
tition made the title marketable, although there was no actual
right to partition, we will briefly express our views upon that
subject.

In *Kilpatrick* v. *Barron* (125 N. Y. 751) the validity of a
title tendered under an ordinary contract to sell real estate
depended upon the construction of a will, and one question
was as to whether descendants of children of the testator, born
after his death and prior to the time appointed for a sale, were
entitled under the will, and although a majority of the court
were of the opinion that the title was good, still they held
that, as its judgment in support of the title would not bind
such descendants, the title tendered did 'not meet the obliga-
tion assumed, and the purchaser was not bound to accept it.

In *Kent* v. *Church of St. Michael* (136 N. Y. 10, 17) the
court, through Judge EARL, said : " The trustees, children and
grandchildren of Mrs. Stewart could not cut off or affect the
title in the land of unborn grandchildren by any conveyance
*in pais.*   By such a conveyance they could convey no greater
title than they had.   *   *   *   If the title to this land had
actually been devolved under the will of Mrs. Stewart, and an
action were brought to partition it, or to foreclose a mortgage
upon it, or in some other way to change or extinguish the
title, it would be the duty of the court to protect the rights of
unborn grandchildren by setting apart land, or the proceeds of
the land, to represent in some form their interests."

So, in *Ebling* v. *Dreyer* (149 N. Y. 460), where the future
contingent interests of persons not in being were sold under a

special act of the legislature authorizing a sale of infants' lands, including such interests, the proceeds of the sale were paid into court and took the place of the land.

In *Monarque* v. *Monarque* (80 N. Y. 320) it was held that a judgment and sale in partition only conclude contingent interests of persons not in being; when the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of it, and preserving the fund to the extent necessary to satisfy such interests. In that case, prior to the bringing of the partition suit, an action had been brought to obtain a construction of the will to which all living persons interested were parties, and a judgment was taken practically by default, so construing the will as to support an action of partition, and such judgment was set up in the complaint in the partition suit, still, it was held that, conceding said judgment was conclusive as to the rights of the parties thereto, it did not bind the contingent interests of unborn issue.

In this case it cannot be known who will be entitled to the proceeds of the land, when finally sold by the trustees, until the trust estate has terminated, which may not be for a generation. The persons thus entitled will take their respective shares under the will, as purchasers from the testatrix, and not as representatives of any party to the partition action. No provision is made for their benefit by setting apart a portion of the land or a portion of the proceeds of the land. The judgment has no more effect than would conveyances from all the parties to the partition action, assuming them to be adults. They could not bind after-born children by their deeds, because the power of alienation was suspended. There were no persons in being by whom an absolute fee in possession could be conveyed during the existence of the trust, except by the trustees under the trust, who would be compelled to hold the proceeds in the place of the land. Descendants cannot set aside at will a valid trust created by their ancestor. While they can bind themselves by deed, or by allowing judgment to go by default, they cannot bind persons not

in being at the time.  In this case the attempt was made virtually to subvert a trust by a judgment in partition, to compel a purchaser to take title upon the sale and pay for the same, without any provision for the benefit of unborn children, but allowing all to be divided between living parties.  The trustees did not defend, although they could have made a successful defense.  If this can be done, how can a man create a trust in land for the benefit, in a certain contingency, of persons not *in esse*, as he has an undoubted right to do, without having it subject to the danger of being overthrown, and the property designed for them divided among those for whom it was not intended ? The interests of the plaintiff and the defendants are the same, and the effect, if not the object of the suit, is to defeat a trust, so that the living will receive benefit at the expense of those who may be born hereafter.  In *Kirk* v. *Kirk* (137 N. Y. 510), which was relied upon by the Special Term, the court directed the trust fund to be brought into court and to be held for the precise objects for which the trust was created.  The court itself thus carried out the trust, holding the trust funds for the benefit of persons who might come in and be entitled thereto, but no such precaution was taken in the case at bar.

Without elaborating our views we think the order of the Appellate Division was right and should be affirmed, with costs.

All concur, except GRAY, J., absent.

Order affirmed.