[S. F. No. 3271.   Department Two.—May 13, 1903.]

In the Matter of the Estate of ADOLPH SUTRO, Deceased. JOHN A. DRINKHOUSE, Administrator of Estate of Hattie A. Trundle, Deceased, Appellant, v. ROSA V. MORBIO et al., Respondents.

ESTATES OF DECEASED PERSONS—WILLS—LAPSE OF LEGACY—REPARATION FOR SCANDAL—DEATH OF LEGATEE.—A legacy in the will of a deceased person to a legatee named, avowedly as a reparation for injury done to such legatee by a scandalous charge, lapses upon the death of the legatee prior to the death of the testator. The legacy cannot be deemed a "contract legacy"; and any possible cause of action for damages for the scandal would not survive the death of the legatee.

ID.—PROVISION FOR LAPSE OF LEGACY—CONSTRUCTION OF CODE.—Under section 1313 of the Civil Code, a testamentary disposition to a legatee not a relative fails by his death prior to that of the testator, unless an intention appears to substitute some other in his place; and this special provision is not affected by the general rules of the Civil Code for the interpretation of wills.

APPEAL from a decree of the Superior Court of the City and County of San Francisco denying a petition for partial distribution in payment of a legacy.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

A. Ruef, Edward A. Holman, Welles Whitmore, E. B. Meering, and Davis & Manning, for Appellant.

Garret W. McEnerney, and Bishop & Wheeler, for Rosa V. Morbio, Kate Nusbaum, Clara A. English, and Edgar Sutro, Respondents.

Bradley & McKinstry, and Morrison & Cope, for Emma L. Merritt, and Charles W. Sutro, Respondents.

Campbell, Metson & Campbell, for W. R. H. Adamson, Executor, Respondent.

McFARLAND, J.—This is an appeal by John A. Drinkhouse, as administrator of the estate of Hattie A. Trundle, deceased, from an order and judgment of the superior court denying his petition for distribution to him of the sum of fifty thousand dollars out of the estate of Adolph Sutro, deceased.

The claim of appellant is founded upon the last will of said Sutro. In this will there are a great many legacies and devises to various persons. The only part of it which has any bearing on the question here involved is the following: "Subject to the directions, limitations, and conditions hereinafter contained, I give, devise, and bequeath to the parties, purposes, and objects hereinafter named and specified as follows: . . . Eighteenth. Unto Miss Hattie Trundle, of Washington, District of Columbia, heretofore known as Mrs. George Allen, the sum of fifty thousand dollars ($50,000) as a reparation, as far as it may be possible, for the injury done her by a scandalous charge, falsely and maliciously, at Virginia City, state of Nevada, in the month of July, 1879, then and there brought against her." It appears that after the making of the will, and in the year 1891, the said Hattie A. Trundle died, and that several years afterwards, in 1898, the testator, Sutro, died. There are no other facts or evidence in the case, except what appears on the face of that part of the will above quoted. It is contended by the respondents, and was found by the court below, that the said legacy to Miss Trundle, deceased, lapsed upon her death; and we see no answer to the contention.

Section 1343 of the Civil Code is as follows: "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in section thirteen hundred and ten." Section 1310 (although it does not seem to apply to a legacy) is as follows: "When any estate is devised to any child, or other relation of the testator, and the devisee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee would have done had he survived the testator." Under these sections, as the will does not show any intention to "substitute some other" in the place of the legatee, and as the latter was not "a child or other relation of the testator," the "testamentary disposition" to her obviously "fails." This obvious conclusion is not affected by consideration of the general principle that the intention of the testator expressed in the will shall prevail. The intention of Sutro expressed in the will was to make a testamentary disposition to Miss Trundle—nothing more nor less. Some importance seems to be attached by appellant to section 1319 of the Civil Code, which is as follows: "In interpreting a will, subject to the law of this state, the rules prescribed by the following sections of this chapter are to be observed, unless an intention to the contrary fairly appears." In the first place, this section evidently has reference to those succeeding sections which deal with the subject of "interpreting a will," and section 1343 does not deal with that subject; it is an independent, substantive provision having nothing to do with interpretation. "Interpretation" is the determination of the meaning of a writing—"the art of finding out the true sense of any form of words." Section 1343 contains nothing which aids, or was intended to aid, in the construction of a will; it provides that a legacy given in apt words, and leaving no room for the play of interpretation, shall lapse if the legatee dies before the testator. Moreover, if section 1319 could be considered as referring to section 1343, upon what ground can it be contended that in the will of Sutro "an intention to the contrary clearly appears,"—that is, an intention that the legacy should not lapse if the legatee should die before the testator? Indeed, under the code, the only way in which he could have made such intention appear—"clearly," or at all—would have been

by an express substitution of some other person to take her place in the event of her death.

Counsel for appellant gave the name of "contract legacy" to the testamentary disposition here involved, and cite some cases from other jurisdictions to the effect that a provision in a will for the payment of a debt to a legatee may be enforced notwithstanding the prior death of the legatee. It is not necessary to inquire if such a rule could be invoked under the specific provisions of our statutory law on the subject; for it does not appear here that there ever was any debt due from Sutro to Miss Trundle. It does not appear on the face of the will that there was even any moral obligation from the former to the latter. Certainly the language of the will cannot be construed as a declaration by the testator that he himself had "falsely and maliciously" brought against her a "scandalous charge." The mere use of the word "reparation," in connection with the context, does not compel such construction; but even if the language could be construed as a deliberate confession that the testator had personally been guilty of the malicious conduct referred to, such conduct would have given her only a cause of action for damages which would not have survived her death. And there is no intent expressed in the will that the testamentary gift should go to any person other than Miss Trundle herself.

The order and judgment appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.