[Civ. No. 771.   First Appellate District.—April 20, 1910.]

In the Matter of the Estate of JOSEPH GOETZ, Deceased. EDOUARD LESAGE et al., Children of JULES LESAGE, Deceased, Appellants, v. ALBERT GOETZ and CAMILLE GOETZ et al., Respondents.

WILLS—CONSTRUCTION AND EFFECT—LAPSED LEGACY—PART OF RESIDUE —STATUTE OF DESCENT INAPPLICABLE.—Where it satisfactorily appears from the terms of a will that the testator intended that in case of legatees who should die prior to his death the legacies bequeathed to them should lapse and become part of the residue of his estate, the terms of the will must control in that respect, and the provision of section 1310 of the Civil Code, that when a devisee or legatee who is a relation of the testator dies before his death, leaving lineal descendants, such descendants shall take the same share which would have passed to the devisee or legatee had he survived the testator, is inapplicable in such case.

ID.—INTENTION OF TESTATOR—UNTECHNICAL TERMS EMPLOYED IN SELF-DRAWN WILL.—It is sufficient that the intention of the testator as to the disposition of lapsed legacies can be readily ascertained, notwithstanding the use of inartificial terms in expressing his intention in a will drawn by the testator himself, who is a foreigner by birth, unable to express himself with technical accuracy. In order to learn his intention, the whole will may be examined, and words may be interpolated or transposed, and the use of technical words incorrectly will be taken as if correctly used.

ID.—USE OF WORDS "DEVISE" AND "BEQUEATH"—MISUSE OF WORDS.— The words "devise," "bequeath" and corresponding terms are frequently employed interchangeably, especially by testators who are not lawyers and who draw their own wills. Some words are so

frequently misused by testators that very little argument is needed to move the court to reject them and substitute others in their place. The will in question uses the words "legacy or bequest" to include a devise, and the word "devise" to include a "legacy," and the word "devise" with sense of "devisee."

ID.—CORRECTION OF INACCURATE CONTINGENT CLAUSE AS TO LAPSED LEGACIES.—A clause in the will reading: "And devise so bequeathed by me should die prior to my death the legacies to them mentioned in this will shall lapse, and such legacies shall form part of my residuring estate," evidently refers to a contingent event, and the word "If" should be inserted at the beginning of the clause, and the words "and devise," changed to "any devisee." In view of the law applicable to lapsed legacies, and the whole language of the will, the testator evidently intended that legacies lapsing by the prior death of legatees should include all legacies mentioned in the will.

ID.—CODE PROVISION AS TO CONSTRUCTION OF WILL—"CLEAR AND DISTINCT BEQUEST"—INAPPLICABILITY TO CHILDREN NOT REFERRED TO. Section 1322 of the Civil Code provides a rule applicable only to the construction of a will, where a clear and distinct devise or bequest is sought to be affected by a provision of the will not equally clear and distinct; and that section can have no application to children of a deceased legatee whose legacy has lapsed as provided in the will, and has become part of the residue of the estate, if such children are in no wise referred to or provided for as beneficiaries under the will. That section does not provide that when one may be entitled to a legacy by force of the statute, any intention of the testator to prevent the operation of the statute must be as clear and distinct as the statute itself.

ID.—STATUTE OF DESCENT IN CASES OF LAPSED LEGACIES NO PART OF WILL—APPLICABILITY.—The statute of descent in cases of lapsed legacies, embodied in section 1310 of the Civil Code, is no part of the will itself, and cannot be affected by section 1322 of the Civil Code. The statute of descent can only apply where there is no intention to the contrary expressed by the testator in his will.

ID.—PARTIAL DISTRIBUTION UNDER WILL PROPERLY REFUSED.—A petition for partial distribution under the will in behalf of children of a deceased legatee, whose legacy has lapsed and become part of the residue of the estate, under the terms of the will, was properly refused, and the order refusing it must be affirmed upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a petition for partial distribution. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Louis Bartlett, and Arthur H. Brandt, for Appellants.

P. A. Bergerot, A. P. Dessouslavy, and Jellett & Meyerstein, for Louis Albert Goetz et al., Respondents.

Gustave Gutsch, for Camille Goetz et al., Respondents.

KERRIGAN, J.—This is an appeal from an order denying petitions for partial distribution of the above-named estate. Joseph Goetz by his last will, executed May 11, 1904, bequeathed to his nephew Jules Lesage the sum of $30,000. Toward the end of that year Jules Lesage died. Three years later the testator died. The appellants are children of Jules Lesage and the respondents are the executors of the will and certain beneficiaries thereunder.

The provisions of the will involved in this appeal read as follows:

"Third: I give and bequeath to Jules Lesage my nephew who resides in the city of Mulhausen Alsace Germany the sum of Thirty thousand dollars ($30,000)."

"Twelfth: and devise so bequeathed by me should die, prior to my death the legacies, to them mentioned in this will shall lapse, and such legacies shall form a part of my residuring estate."

At the time of the execution of the will and at the time of the death of Jules Lesage, section 1310 of the Civil Code provided that a devise to a relative of the testator, in case of the death of the devisee before that of the testator, should be taken by the lineal descendants of such devisee; but the section was silent in the case of a legacy under the same conditions, and consequently, following the general rule of law, such legacy lapsed. (*Estate of Ross,* 140 Cal. 282, [73 Pac. 976].) Two years before the testator's death this section was amended so as to prevent the lapsing of such legacies, and it now reads as follows (the portion added by the amendment being indicated by italics):

"When any estate is devised *or bequeathed* to any child, or other relation of the testator, and the devisee *or legatee* dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner

as the devisee *or legatee* would have done had he survived the testator.''

Appellants' chief contentions are (1) that the will took effect at the death of the testator, and that under the section of the code above quoted, as amended in 1905, they are entitled to the legacy bequeathed to their father; (2) that clause 12 of the will is less clear and distinct than is the so-called legacy to the children of Jules Lesage, and that therefore, under section 1322 of the Civil Code, the legacy is not affected by clause 12.

Independently of what may be the correct solution of appellant's first contention, we think the order of the trial court in denying the petition for partial distribution should be affirmed on the ground that from the twelfth clause of the will it satisfactorily appears that the testator intended that legacies given to persons who predeceased him should lapse, and such intention under the circumstances of this case must control. Although this clause of the will is not as clear as could be desired, nevertheless, the intention that the testator sought to express therein can be readily ascertained. In order to learn his intention the whole will may be examined, and words may be interpolated or transposed. (*Mitchell* v. *Donohue,* 100 Cal. 202, [38 Am. St. Rep. 279, 34 Pac. 614] ; *Estate of Stratton,* 112 Cal. 513, [44 Pac. 1028] ; *Estate of Wood,* 36 Cal. 75.) And in this connection it is also important to remember that the words ''devise,'' bequeath'' and corresponding terms are not invariably used with technical accuracy, but on the contrary they are frequently employed interchangeably, and especially by testators who are not lawyers, and who draw their wills. (*In re White,* 125 N. Y. 551, [26 N. E. 909] ; *Logan* v. *Logan,* 11 Colo. 44, [17 Pac. 99] ; *People's Trust Co.* v. *Smith,* 82 Hun, 494, [31 N. Y. Supp. 522].) In Underhill on Wills, volume 1, page 498, it is said: ''Some words are so frequently misused by testators that very little argument is needed to move the court to reject them and to substitute others, in their place. Thus, for example, the words 'devise and bequeath' and 'devise and legacy,' 'heir,' 'legatee or devisee' are used interchangeably in common parlance, and very frequently are incorrectly employed by testators unfamiliar with technical language who write their own wills.'' (See, also, 14 Cyc. 28.)

In the will before us in clauses 4 and 5, in referring to real estate the testator uses the words "bequeath" and "bequeathed." In clause 12 he places the words "devise" and "bequeathed" in juxtaposition. The word "devisee" is not correctly spelled anywhere in the whole will. In the 14th clause the testator provides that if "any person" named in this will should contest the same, the *legacy* or *bequest* made to the person so contesting shall be canceled; and in lieu thereof the sum of $50 shall be given to said person so contesting. It is evident to us that the testator, by the use of the words "legacy or bequest" in this provision of his will, meant to include a devise also. The testator was a man advanced in years and a foreigner by birth, and the instances just given, as well as many others which might be referred to, show that he was unable to express himself in the English language with technical or even ordinary accuracy. In clause 12, presumably the testator wanted to use the word "devisee," but spelled it "devise." Again, this clause is in a part of the will which deals with contingent events, and we think the testator intended this clause to commence with the word "If," and that the word "and" at the beginning of the clause was intended for the word "any." In fact it is not seriously disputed that the clause should read: "If any devisee . . . should die prior to my death, the legacies to them in this will shall lapse," etc. At all events, upon a consideration of the law and of the whole will we do not hesitate to hold, as did the trial court, that the testator intended that clause 12 should at least apply to all the legacies mentioned in the will, including that to Jules Lesage.

But appellants claim that clause 12 cannot affect the legacy said to belong to the children of Jules Lesage, because that clause is not as clear and distinct as the legacy to them. This position is based on section 1310 of the Civil Code, already quoted, and on that portion of section 1322 of the Civil Code which reads as follows: "A clear and distinct . . . bequest cannot be affected . . . by any words not equally clear and distinct, or by inference or argument from other parts of the will."

Section 1322 lays down a rule of construction of a will, to be applied where a clear and distinct devise or bequest is sought to be affected by a provision of the will not equally

clear and distinct; and it is obvious that it has no application whatever to the question under consideration, for here the language of clause 12 does not affect or modify the legacy to Jules Lesage, but merely directs the disposition of the fund constituting the legacy in case the legatee should predecease the testator. The argument of appellants is based upon the theory that the legacy was to the children of Jules Lesage, or that the statute makes them the beneficiaries of the legacy, in case of the death of their ancestor, in spite of the intention of the testator expressed to the contrary. Here there was no legacy to the children, clear and distinct or otherwise; and section 1322 does not provide that when one may be entitled to a legacy by force of statute, any intention of the testator to prevent the operation of such statute must be as clear and distinct as the statute itself. That section does not come into play as between provisions of the law and clauses of a will, but it is a rule of construction of the will itself under the circumstances plainly stated in the section. Assuming that a will made prior to the amendment of 1905 to section 1310 falls under the operation of the amendment, still the statute can only be applied where there is no intention to the contrary expressed by the testator in his will; and it is sufficient if that intention can be fairly ascertained from the language used, and it need not be in clear and precise terms. Here such an intention is expressed, and it is incontrovertible, we think, that that intention must control, and that section 1322 is inapplicable.

The order is affirmed.

Hall, J., and Cooper, P. J., concurred.