[S. F. No. 6103. Department Two.—September 26, 1912.]

In the Matter of the Estate of LAURA E. KUNKLER, Deceased. MARIE KUNKLER POLLET, Appellant, v. CLARENCE E. DUDEN, Individually and as Administrator of the Said Estate, and GEORGE J. DUDEN and WILLIAM C. DUDEN, Respondents.

WILL—RESIDUARY BEQUESTS TO DIFFERENT LEGATEES—GIFT NOT TO CLASS—UNDISPOSED RESIDUUM PASSES TO HEIRS AT LAW.—Where the will of a testatrix directed that the whole of her residuary estate should be converted into cash and "apportioned, appropriated and paid out" to fourteen different legatees in specified percentages to each, such legatees do not constitute a class, in the sense that the legacies which may have failed by reason of death, revocation, or other cause, should be ratably distributed amongst the remainder of the class. Such legacies are undisposed of by the will, and pass to the heirs at law of the testatrix.

ID.—EFFECT OF CODICIL—DIRECTION THAT POSSIBLE HEIR AT LAW SHALL HAVE NOTHING.—Such construction is not affected by the fact that in a codicil revoking the legacy to one of such legatees, who under a certain contingency would have become one of her heirs at law, the testatrix expressed the wish that he should receive only a nominal sum from her estate, and that her other heirs should see that her wish was carried out.

ID.—LAPSED LEGACIES—LEGACIES TO PREDECEASED RELATIVES.—The legacies to strangers in blood who predeceased the testatrix became a part of the undisposed residuum of the estate and passed to the heirs at law; the legacies to predeceased relatives who died leaving lineal descendants passed to such descendants under section 1310 of the Civil Code.

APPEAL from a decree of the Superior Court of the City and County of San Francisco partially distributing the estate of a deceased person. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

S. Bloom, and Costello & Costello, for Appellant.

W. C. Graves, for Respondents.

HENSHAW, J.—By her holographic will Laura E. Kunkler, after disposing of certain articles of personal property to

designated legatees, directed that all of the remainder of her estate should be converted into cash, and after the payment of her debts, the money remaining should be "apportioned, appropriated and paid out as follows." Then followed the names of fourteen legatees to each of whom she left a named percentage of the moneys; to one fifteen per cent, to another five per cent, to another ten, to another four, to another two, and finally "ten per cent to some worthy charity," the total aggregating one hundred per cent, and thus making a disposition of her whole estate. A codicil to her will, also admitted to probate, provided: "At my death I wish my nephew Eugene L. Duden receive but five ($5.00) dollars from my estate. He will know the reason why. This is my last wish. My other heirs will see that this is carried out." Three legatees named in the will who were strangers in blood to the testatrix died prior to her death. Another legatee, a niece, also died prior to the death of the deceased, leaving no lineal descendants. The attempted legacy of ten per cent to "some worthy charity" is admittedly void. As to all of these legacies the court, upon distribution, declared that they were undisposed of by the will and belonged to the heirs at law. (Civ. Code, secs. 1343, 1386.) Eugene L. Duden, named in the codicil, had been left a legacy of ten per cent. This was revoked by the codicil and the court decreed that this fell also in the residuum undisposed of by will.

Certain legatees related by blood to the deceased died prior to her death leaving lineal descendants. The court decreed distribution of their legacies, amounting in the aggregate to eight per cent of the whole, under section 1310 of the Civil Code, to their lineal descendants. The appellant, one of the legatees, insists that this distribution is erroneous; that all of the legatees constitute a class as residuary legatees and that all the legacies which have failed by reason of death, revocation, or other cause, belong to and should be ratably distributed amongst the remainder of the class. Herein appellant argues that a construction resulting in testacy is to be preferred to one producing intestacy in whole or in part; that the testatrix's intent is to govern and that her intent clearly was to dispose of all her property to and amongst the named legatees; that they, therefore, constitute a class; that significance attaches to her use of the words "apportioned, appro-

priated and paid out''; and finally, that the language of the second codicil above quoted revoking the ten per cent legacy to her nephew Eugene sets at rest ''any possible doubt as to the foregoing conclusions.'' The argument upon this proposition will suffer if stated in any other words than those of appellant's attorney and it is, therefore, quoted *in extenso:*

''Now, at the time when this codicil was written by the testatrix herself, Clarence E. Duden, the brother of testatrix and the father of Eugene, was living and was known to the testatrix to be living, and said Clarence was an heir at law of the testatrix. Eugene, the son of Clarence, was therefore *not* a technical heir at law of the testatrix by reason of the fact that his father Clarence was living. And when the testatrix in this codicil speaks of her *other* heirs, it is evident that she used the word 'heir' in the colloquial sense and not technically, and that she regarded Eugene as one of her 'heirs' according to the common usage of the term as meaning simply the legatees under the will, her beneficiaries—and by 'other heirs,' the residuary legatees 'other' than Eugene. Now, it is further evident that if Clarence, the brother of deceased, and one of her technical heirs at law at the time of making the will and codicils, should at any time after making the second codicil have died before decedent, how could the other heirs at law, technically so called, prevent Eugene from succeeding as an heir at law of deceased by right of representation in lieu of his father Clarence, being the child of a deceased brother who was an heir at law, unless it was the intention of testatrix in this will that the residuary legatees should take the whole residuum, to the exclusion of her heirs at law? Unless this construction is given to the will, how would it be possible for the 'other heirs' to 'see that this is carried out,' namely, Eugene prevented from succeeding to a greater portion of the estate than $5.00? The only way in which Eugene could by every possibility be shut off from succeeding as an heir would be by the construction given to this will by the appellant, namely, that the surviving legatees named in the residuary clause shall take all lapsed, void and revoked legacies 'in proportion' or *pro rata.*''

We cannot, however, agree with appellant as to the conclusiveness of the argument here presented. Nor is it as plain to this court as it seems to be to appellant that this language

creates a bequest by necessary implication. To the mind of the court the testatrix disposed of her property by fourteen different legacies to fourteen different legatees. These legatees constituted a "class" only in the sense that it may be said as to any will that all legatees are in a class as separated from the rest of the world or as separated from other legatees in other wills. In no other sense and in no legal sense at all were these legacies a gift to a class, nor were the legatees a class. So plain we take this proposition to be that we hesitate even to quote authority upon the proposition, but in quoting it is certainly enough to set forth the following from Jarman on Wills, 6th ed., p. 432: "A gift to several named persons is not a gift to a class, unless words of contingency are added; as where the gift is to A, B, C & D; 'if living'; and a gift to several named persons, without more, is not a gift to a class, even if they stand in a common relationship to the testator, as where the gift is to my sons A & B, and, to my daughter C, and if a testator after a gift to children, proceeds to name them, and he specifies their number, as by giving to the five children of A, this is a *designatio personorum*, and is a bequest to those who are named, or to the five in existence at the time of the will, and the shares of any who dies before the testator lapse." (See, also, *Estate of Hittell*, 141 Cal. 432, [75 Pac. 53], and *Estate of Murphy*, 157 Cal. 63, [137 Am. St. Rep. 110, 106 Pac. 230].)

The court's decree of distribution was correct in holding that the legacies to the strangers in blood who pre-deceased the testatrix became a part of the undisposed residuum of the estate and went to the heirs at law. (*Estate of Sutro*, 139 Cal. 87, [72 Pac. 827].) Equally sound was the court's conclusion as to the relatives who died leaving lineal descendants. The case is simply one where, as was said in the *Estate of Hittell*, 141 Cal. 432, [75 Pac. 53], the decedent did not anticipate every contingency and changed condition.

The decree appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.