[Civ. No. 5617.   Fourth Dist.   Mar. 19, 1958.]

Estate of ADRIAN I. MAXWELL, Deceased.   ELLEN MAXWELL et al., Appellants, v. ADRIAN I. MAXWELL, JR., et al., Respondents.

Baker, Palmer, Wall & Raymond and H. E. McCombie for Appellants.

J. Richard Thomas for Respondents.

BARNARD, P. J.—The testator died on January 20, 1955, leaving a will executed on March 27, 1928. He had been married three times and he was survived by a son and daughter of the first marriage, a son and daughter of the second marriage, and a widow Mary Lenore Maxwell whom he married on March 13, 1948, his second wife, Eva L. Maxwell, having previously died. When the will was made the children of the first marriage were 21 years and 19 years old, respectively, and the children of the second marriage were 4 years and 2 years old, respectively. At the time of the testator's

death all four children were over 30 years of age, except Louisa who was 29 and she was then Louisa Kinnebrew.

In his will the testator declares that this is his last will and that he revokes all other wills made by him; that he is married to Eva L. Maxwell and they are the blood parents of one daughter named Louisa and one son named Adrian, Jr.; that he is the father of another son and another daughter by a previous marriage named Kermit and Ellen, who are ''now about grown up''; and that he gives $5.00 to Kermit and $5.00 to Ellen. The Fifth paragraph of his will reads as follows:

''I give, devise and bequeath all the remainder of my estate, both real and personal, of whatsoever kind and whereever situated, including the proceeds of my life insurance, to my wife, Eva L. Maxwell, and in the event of her death occuring at the same time as my own, then in that event equally to the two children of myself and wife, Louise Newton Maxwell and Adrian I. Maxwell, Jr.

''In thus leaving the bulk of my estate to my present wife and our children, it is done thru no want of paternal affection, but with the conviction that it is best, because of the fact that my older children are grown up and self-supporting.''

In the Sixth paragraph he appoints his wife, Eva L. Maxwell, as executrix to serve without bond and with authority to sell, lease or mortgage any part of the estate. The Seventh paragraph reads:

''In the event my wife's death occurs at the same time as my own or before my estate is settled thereafter, then In that event I appoint the Security Bank and Trust Co., ~~Taft,~~ Cal., to act as Executor in accordance with law.''

The will was admitted to probate and in due course Ellen filed a petition on behalf of herself and Kermit for a decree determining their interest in the estate, claiming that except as to the bequests of $5.00 to each of them, the deceased died intestate. The widow filed her claim of interest, and the two children of the second marriage also filed claiming all of the residue of the estate except for the two $5.00 gifts to the children of the first marriage. It was stipulated at the hearing, among other things, that the widow is entitled to all of the community property and to one-third of the decedent's separate property since the will made no provision for her. The court found in accordance with the admitted facts, and also found that the will was drawn by a layman and not by a lawyer; that the decedent died intestate as to the widow; and that, with the exception of his widow, he died testate. As

conclusions of law it was found that upon distribution of the estate the surviving widow is entitled to receive all of the community property, Ellen and Kermit are each entitled to receive $5.00 from the separate estate, and the widow, Louisa and Adrian, Jr. are each entitled to receive one-third of the remainder of the separate property. Judgment was entered accordingly, and the two children of the first marriage have appealed from that part of the decree which awards two-thirds of the remainder of the property to the children of the second marriage.

The appellants contend that by the language used in the Fifth paragraph of the will the testator intended to give the remainder of his property to the two children named in that paragraph only if he and his wife Eva died at the same time; that he made no provision for the disposition of his estate if his wife Eva should die before he did, because his sole concern at that time was for the care of the two young children, and he believed that if they lost their mother only he would be able to care for them; that he made it clear in his will that no such disposition was intended; and that since his wife Eva predeceased him he died intestate, and the remainder of his estate goes to all four of his children according to the law of succession. It is argued that courts are not permitted, in order to avoid a conclusion of intestacy, to adopt a construction based on conjecture as to what the testator may have intended, although not expressed, citing *Estate of Hoytema,* 180 Cal. 430 [181 P. 645]; that the words "in the event of her death occurring at the same time as my own," are clear and certain and no ambiguity appears; that the testator obviously intended this document to be effective only if he predeceased his wife, or if he and his wife died at the same time; that the nominal gift of $5.00 to each of the appellants was intended only to comply with section 90 of the Probate Code, and would not prevent their taking their share of the estate if their father died intestate; and that the decree should be reversed with instructions to award one-third of the remainder to the appellants and one-third to the children of the second marriage. The respondents contend that a construction of a will preventing an intestacy is to be favored over one which results in total or partial intestacy; that the court's decision is sustainable upon the theory of raising a gift to the respondents by implication, and by inserting words in the will or striking words therefrom in order to cover the contingency not provided for in this will; and that the modern trend, as

indicated by the decisions in *Brock* v. *Hall*, 33 Cal.2d 885 [206 P.2d 360, 11 A.L.R.2d 672] and *Estate of Hubbard*, 122 Cal. App.2d 942 [266 P.2d 196], and decisions in other states, is to be more liberal in sustaining gifts by implication in such cases.

There is no dispute as to the facts or as to the established rules of law, the only question being as to how those rules should be applied under the facts of this case. ■ The primary consideration in construing a will is to determine the intention of the testator as expressed in the language used, and not as it may have existed in the mind of the testator. ■ This intention is to be gleaned from a reading of the will as a whole and not from the apparent meaning of any clause or clauses considered alone, and an interpretation is to be preferred which will prevent a total intestacy if justified by the language used in the will. (*Estate of Sessions*, 171 Cal. 346 [153 P. 231]; *Gore* v. *Bingaman*, 29 Cal.App.2d 460 [85 P.2d 172]; Prob. Code, § 102.) ■ Also, under some circumstances a will may be construed as creating a gift by implication (*Brock* v. *Hall, supra*; *Estate of Hubbard, supra*.)

Taken literally, the language of this will did not give the remainder of this estate to the children of the testator and his then wife, except in the event that both parents should die at the same time, and no expressed disposition of such remainder was made in the event she died before he did. With that omission of something which would reasonably seem should have been provided for, and if it also clearly appeared from the will as a whole that a gift to these two younger children was intended even though this wife predeceased her husband, the principle of a gift by implication might become applicable. ■ As said in *Brock* v. *Hall, supra*, ". . . a gift will be raised by necessary implication where a reading of the entire instrument produces a conviction that a gift was intended." It naturally follows that where a reading of a will as a whole does not clearly disclose such an intention, or produce such a conviction, a gift may not be implied.

While this will was drawn by a layman it is clearly expressed in perfect legal form and substance, except that no provision was made therein for the contingency that would arise if this wife should predecease the testator, which is what here occurred. The basic question here is as to whether the will as a whole so clearly discloses an intention to make the same gift to these younger children in the event this wife died first, that a gift results by necessary implication.

The testator here gave the remainder of his estate to his then wife or, if she died at the same time, to the younger two children and followed this by his reason for "thus leaving" the bulk of his estate to them. Consistent with that provision, he appointed this wife as executrix of his estate with the further provision that if she died at the same time, or thereafter but before his estate was settled, he appointed a bank to act as executor. He made no provision for a substitute executor if she died before he did, thus to a certain extent indicating that he did not intend this gift to the two younger children to be effective in the event his wife died before he did. Moreover, in expressly stating his reason for not leaving more to his older children he based it solely on the fact that the older children "are grown up and self-supporting." This indicates merely a desire and intention, in the event that he and his wife should die at the same time, to favor the younger children because of their youth and their inability to care for themselves. The reason thus given for distinguishing between the two sets of children would probably cease to exist after the younger children also became adults. The fact that the clause expressing this reason immediately followed the clause here in question is somewhat suggestive with respect to the intention of the testator at the time he made the will. The words used in the clause here in question are not, in themselves, ambiguous. These words clearly and definitely conditioned this gift upon the fact of the mother of these children dying at the same time as the testator, and the will nowhere contains any expressed provision for such a gift under any other circumstances. Assuming that in his own mind the testator may have intended to give these two children the remainder of the property if his wife predeceased him, there is nothing in the will itself which would clearly disclose such an intention. While it clearly appears that he intended to give the remainder to these two children in the event he and his wife died at the same time, it does not clearly appear from the will itself that he intended to make the same provision if his wife died before he did, or that he intended to disinherit his older children in that event.

The testator may well have intended this gift to the two younger children to be ineffective unless he and his wife died at the same time, as otherwise he would be able to look after them himself. The words used in that clause of the will would so indicate, and when the will is read as a whole it tends to support that conclusion rather than one to the contrary. In

any event, and even though a possible doubt may appear in this connection, there is nothing in this will which so clearly discloses the testator's intention to make this gift to these younger children effective even in the event his wife predeceased him, as to result in a gift by necessary implication. As was said in *Estate of Franck*, 190 Cal. 28 [210 P. 417], "The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind." No such situation here appears.

This will should be construed in view of the situation existing at the time it was executed in 1928. At that time, under sections 1310 and 1343 of the Civil Code, the gift to this wife would lapse if she died before the testator did unless he disclosed in his will an intention to substitute "some other" in her place. (*Estate of Sowash*, 62 Cal.App. 512 [217 P. 123].) No such substitution was here provided if the wife should predecease him. The failure to thus fully provide for such a substitute was only natural since if his wife died first he would expect to care for them in some other way. In any event he expressly limited the provision for a substitute, making the gift to these two children applicable only in the event he and his wife died at the same time, and no intention to provide for any other substitution clearly appears from the will as a whole. As was said in *Estate of Sowash, supra*:

"It must, therefore, be held that the will was made in view of existing conditions at the time of its execution. Here Sowash gave his estate to his wife, and the fact that he made no provision in the event that she predeceased him shows that he did not anticipate this contingency. What his intent may or may not have been after this condition was changed by the death of his wife we have no means of knowing, except from the fact that he allowed the will to stand as originally executed. We are limited in our powers to an interpretation of the will as we find it. The rule of construction that the intent of the testator must be carried out if possible does not authorize courts to make a new will to conform to what they may think the testator intended. The intent of the testator must be ascertained from the will as it stands (*Estate of Hittel*, 141 Cal. 436 [75 P. 53]).

While intestacy is to be avoided if possible, in construing a will, this may be done only under well established rules; a court may not make a different will for a testator when the one made by him sufficiently discloses his intention

as expressed in the language of the will; and a testator has the right to make a will which may, in certain contingencies, leave a part or all of his property to pass to his heirs under the law of succession. (*Estate of Beldon,* 11 Cal.2d 108 [77 P.2d 1052].)

Under established rules the record does not support the finding that, except in relation to the rights of his widow, the decedent died testate. The decree should be modified accordingly.

The portion of the decree appealed from is reversed.

Griffin, J., and Mussell, J., concurred.