[Civ. No. 15637.   First Dist., Div. Two.   Sept. 18, 1953.]

Estate of ANNA B. DUNN, Deceased.   ROBERT H. MOCK-BEE et al., Appellants, v. IRVING F. DUNN et al., Respondents.

Malavis, Mager, Newcomer & Chasuk, W. Gordon Eustice and Churchill & Teague for Appellants.

Crist, Stafford & Peters, John M. Brenner, Edgar Sinton and Max H. Margolis for Respondents.

NOURSE, P. J.—In a proceeding to determine heirship the four grandchildren of the decedent had a favorable decree from which two nephews have prosecuted the appeal. There is no dispute in the facts. The sole question presented is the interpretation of the third and seventh clauses of the will

of the testatrix. The third clause reads: "I declare that it is my intention which I have formed after careful consideration of excluding from share in my estate any children, grandchildren, or other descendants of me or of my deceased husband, J. T. Dunn, or any claiming to be such, except as I have herein expressly provided."

The seventh clause reads: "I give, devise, and bequeath to my friend, Jennie A. Scott, wife of Walter A. Scott of San Francisco, California, all the rest and residue of my estate of whatsoever kind and character, or wheresoever situate, remaining after the payment of all of my just debts, expenses of last illness, funeral, burial, and administration, and after the fulfillment of the foregoing specific bequests and devises."

Jennie A. Scott, the devisee under the seventh clause, predeceased the testatrix. The residue of the estate was therefore undisposed of by the will. The two nephew appellants contend that because of the disinherison of the grandchildren under paragraph three they, the nephews, became heirs by "implication" of the residue. The real question involved is whether when a testatrix expressly excludes known heirs from participation in her estate she may thereby bar them from their statutory right to succeed to a portion of the estate undisposed of by the will. The answer is in the negative. If one leaves a part of his estate undisposed of by his will he will be presumed to have known that such portion will be distributed under the statutory rules of succession.

The will here was carefully prepared and designed to dispose of the entire estate. The death of Jennie Scott left the residue undisposed of. That legacy therefore lapsed under section 92 of the Probate Code. That being so the testatrix is deemed to have died intestate as to that portion of the estate which under all our decisions goes to the heirs at law. (*Estate of Kunkler*, 163 Cal. 797, 800 [127 P. 43]; *Estate of Hall*, 183 Cal. 61, 63 [190 P. 364]; *Estate of Fritze*, 85 Cal. App. 500, 505 [259 P. 992]; 26 Cal.Jur. pp. 917, 918.)

The rule is well stated in 2 Page on Wills (3d (Lifetime) ed.) pages 857, 858: "If testator does not dispose of the whole of his estate by his last will and testament, and such will contains negative words of exclusion, the great majority of states hold that such negative words can not prevent property from passing under the statutes of descent and distribution. This question comes up, as a rule, when testator provides specifically in his will that certain heirs who are named or otherwise indicated shall not

receive any part of his estate. If his will disposes of part of his property, but not all, such provision is without effect as to the property of which he makes no disposition by his will.''

''If testator has made a provision for an heir, which he apparently intends to be all that such heir shall receive, such heir nevertheless takes his share of any intestate property.''

A closely analogous case is *Estate of Hittell,* 141 Cal. 432 [75 P. 53], where the will left all the property to two unrelated friends and expressly excluded several named heirs. One of the devisees predeceased the testatrix. The Supreme Court held that her share, being undisposed of by the will, went to the surviving heirs under the code direction. To the same effect is *Estate of Sessions,* 171 Cal. 346 [153 P. 231].

The basic theory upon which the rule rests is that when the testatrix attempts to exclude the grandchildren from her property the exclusion goes only to such property as she has disposed of by her will. The residue, originally devised to Mrs. Scott, became a part of the estate, undisposed of by the will, and as such became subject to the rules of succession.

Decree affirmed, costs to respondents to be assessed against these appellants.

Goodell, J., and Dooling, J., concurred.