[Civ. No. 8736.   Third Dist.   Feb. 28, 1956.]

Estate of WELLS CONKLIN, Deceased. BEATRICE CONKLIN, as Administratrix With the Will Annexed, Appellant, v. GEORGE HARYMAN, Respondent.

Price & Morony for Appellant.

Rawlins Coffman for Respondent.

VAN DYKE, P. J.—This is a judgment roll appeal from a decree establishing heirship and determining the parties' respective interests in the estate of Wells Conklin, deceased.

The decedent's holographic will, which was admitted to probate, provides:

"Newville Glenn Co California
Jan 26 1897

"I hereby will devise and bequeath to my Brothers M. L. Conklin, G. W. Conklin, and A. Conklin all of my property at the time of my death.  I appoint the eldest of my brothers living Executor of this my last and only will without bonds.

I recognize my sister Mrs. J. F. Harryman to whome I give one dollar $1.00

(s)  Wells Conklin"

The testator's sole, surviving heirs at the time of his death were: (1) the lineal descendants of his predeceased sister, Mrs. Haryman, and, (2) his since deceased brother, A. Conklin. His other two brothers named in the will predeceased him and left no lineal descendants.

Appellant is the administratrix of the estate of the testator, as well as administratrix of the estate of A. Conklin, deceased. Respondent is the son of the testator's deceased sister, Mrs. Haryman. He brought this proceeding, seeking a declaration of the rights and interests in the estate of the testator.

The trial court found that the testator died intestate as to that portion of his estate which he bequeathed to his two brothers who predeceased him. Consequently, it was decreed that two-thirds of the testator's estate was vested in equal shares in the estates of A. Conklin and Mrs. Haryman. Appellant appeals from such decree as administratrix of the testator's estate. This she cannot do. (*Estate of Babb,* 200 Cal. 252, 255 [252 P. 1039].) In such capacity, she does not have any interest in or claim to the estate of the testator. (*Estate of Lynn,* 109 Cal.App.2d 468, 473-474 [240 P.2d 1001].) Her only rights therein are as administratrix of the estate of A. Conklin. We shall treat her appeal as having been taken by her in that capacity.

Appellant's sole contention is that the estate of A. Conklin, of which she is the administratrix, succeeded to the entire estate of the testator.

The trial court properly held that the testator's gifts to his brothers were not made to a class and, therefore, lapsed as to the two who predeceased him without leaving lineal descendants. (Prob. Code, § 92; *Estate of Murphy,* 157 Cal. 63, 67-68 [106 P. 230, 137 Am.St.Rep. 110].) As to that portion of his estate he died intestate and his surviving heirs were entitled thereto under the statutory rules of succession. (*Estate of Dunn,* 120 Cal.App.2d 294 [260 P.2d 964].) Therefore, the trial court properly decreed that the two-thirds of the estate as to which an intestacy occurred vested in equal shares in the estates of A. Conklin and Mrs. Haryman. (Prob. Code, § 225.)

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.