63 Cal.2d 580 (1965)
Estate of MYRTLE IVEY BARNES. Deceased. ROBERT ERLE HENDERSON, as Executor, etc., Petitioner and Respondent,
v.
GENE SNOW et al., Claimants and Appellants.
L. A. No. 27848. 
Supreme Court of California. In Bank. 
Nov. 22, 1965.
 Reid, Babbage & Coil and Horace O. Coil for Claimants and Appellants.
 Harmon D. Spanner for Petitioner and Respondent. *581
 BURKE, J.
 In this heirship proceeding, two of the heirs at law of decedent, Mrs. Barnes, appeal from an order determining that under the provisions of her will Robert Erle Henderson, a nephew named in the will, is entitled to distribution of the entire estate. As will appear, we have concluded that the trial court erred in its conclusion that the will effectively disposed of testatrix' property. The order appealed from must therefore be reversed.
 Mrs. Barnes died in September 1962 leaving a will, dated June 21, 1949, which was admitted to probate in January 1963. The will was prepared by an attorney, and declares that the testatrix was married, had no children, and intended by the will "to dispose of all my property." [fn. 1] The will next provides that all of the testatrix' property is to go to her husband, [fn. 2] and that in the event of the simultaneous death of testatrix and her husband the entire estate shall go to Robert Erle Henderson, [fn. 3] petitioner in this heirship proceeding. A no contest clause [fn. 4] and a disinheritance clause [fn. 5] follow. Testatrix' *582 husband is named as executor, with petitioner as alternate. The will contains no residuary clause, and no dispositive clauses except those already mentioned and found in paragraphs Fifth and Sixth.
 Carlton Barnes, the husband of the testatrix, predeceased her by more than five years. She left no lineal descendants, but did leave as her heirs at law two brothers, two sisters, and a nephew and nieces who are children of deceased brothers and sisters.petitioner, a nephew, is not an heir at law, as his mother (the sister of testatrix) survives. (Prob. Code, 225.)
 Petitioner contends that under a proper construction of the will he is entitled to succeed to the entire estate. He is opposed by certain of the heirs at law. Over their objection the trial court received testimony from petitioner's mother concerning the relationship between petitioner and testatrix at the time of execution of the will. The witness stated that at about the time the will was executed (some 13 years before testatrix' death), petitioner was 29 years old, petitioner visited at the home of testatrix three or four times each week and a close relationship existed between them, testatrix was very fond of petitioner and often introduced him as her son, the two made outward displays of affection towards each other, testatrix spent many holidays at petitioner's home, and the other relatives did not visit testatrix; further, that testatrix was married in the year 1905 but had no children.
 The trial court found and concluded that "there is some uncertainty on the face of the will," [fn. 6] and construed it in favor of petitioner. A decree was entered accordingly, and this appeal by two of the heirs at law followed.
 The testimony of petitioner's mother does not assist in interpreting the will. It may serve to explain why petitioner was named as alternate beneficiary in the particular situation envisaged by paragraph Sixth of the will (fn. 3, ante), but that situation did not arise. The extrinsic testimony sheds no light on the intention of testatrix with respect to the situation *583 which actually had come into existence by the death of testatrix' husband some five years before her own death.
 [1a] Further, the will makes no disposition whatever of the property of testatrix in the event she outlived her husband by several years, as she did. Although in paragraph Eighth the testatrix declared that no one should inherit the property she thus left undisposed of by her will, the law does not permit such a result. [2] It is settled that a disinheritance clause, no matter how broadly or strongly phrased, operates only to prevent a claimant from taking under the will itself, or to obviate a claim of pretermission. Such a clause does not and cannot operate to prevent the heirs at law from taking under the statutory rules of inheritance when the decedent has died intestate as to any or all of his property. (Estate of Dunn (1953) 120 Cal.App.2d 294, 295-296 [260 P.2d 964], and cases there cited; see also Estate of Lefranc (1952) 38 Cal.2d 289, 295 [239 P.2d 617]; Estate of Holtermann (1962) 206 Cal.App.2d 460, 470 [14] [23 Cal.Rptr. 685].)
 [3] The rule is that a will is to be construed according to the intention of the testator, and so as to avoid intestacy. (Prob. Code, 101, 102.) However, a court may not write a will which the testator did not write. "To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. But a will is never open to construction merely because it does not dispose of all of the ... property. 'Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended although not expressed.' [Citation.]" (Estate of Beldon (1938) 11 Cal.2d 108, 112 [77 P.2d 1052].)
 [1b] Here the testatrix clearly wished that her husband receive all of her property. Her will also demonstrates an awareness that under the circumstances set forth in paragraph Sixth she might well have no further opportunity to designate an alternate, and therefore she named petitioner. However, as already noted, the will is devoid of a provision or suggestion as to testatrix' intent if, as occurred, she was afforded sufficient time to review the will following the death of her husband.
 Had her attention been directed, after the husband's *584 death, to the lack of a disposition of her property, she might have chosen petitioner. However, she might also have relaxed her disinheritance of other relatives, or she might have selected different beneficiaries. Under such circumstances any selection by the courts now would be to indulge in forbidden conjecture. (See Estate of Maxwell (1958) 158 Cal.App.2d 544, 549-551 [322 P.2d 1018].) [4] The declared intention of testatrix, expressed in paragraph Fourth of her will (fn. 1, ante), to dispose of all of her property does not authorize the courts under the guise of construction to supply dispositive clauses lacking from the will. (See In re Walkerly (1895) 108 Cal. 627, 659 [41 P. 772, 49 Am.St.Rep. 97].) [1c] No such "dominant dispositive plan" as referred to and held to warrant a gift by implication in Brock v. Hall (1949) 33 Cal.2d 885, 892 [206 P.2d 360, 11 A.L.R.2d 672], cited by petitioner, is demonstrated by the provisions of the will now before us.
 The order appealed from is reversed.
 Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.
NOTES
[fn. 1] 1. Paragraph Fourth: "It is my intention hereby to dispose of all my property, whether real, personal, or mixed, of which I am able to dispose by Will, which I now have and which I may hereafter acquire."
[fn. 2] 2. Paragraph Fifth: I hereby give, devise and bequeath all of my property, whether real, personal, or mixed, and wherever situate, to my beloved husband, Carlton Barnes."
[fn. 3] 3. Paragraph Sixth: "In the event that the death of my husband and myself shall occur simultaneously or within two weeks of each other, or in the same common accident or calamity, or under any circumstances causing doubt as to which of us survives the other, then, and in such event, I hereby give, devise and bequeath all of my estate of whatsoever kind and character and wheresoever situated, to Robert Earl Henderson ...."
[fn. 4] 4. Paragraph Seventh: "If any devisee, legatee, or beneficiary under this Will, or any person claiming under or through any devisee, legatee or beneficiary, or any other person, who, if I had died wholly or partially intestate would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly, contest this Will, or attack, oppose or in any manner seek to impair or invalidate any provisions hereof, or shall in any manner whatsoever conspire or cooperate with any person or persons attempting to do any of the acts or things aforesaid, or shall settle or compromise directly or indirectly, either in or out of court, with any such contestant, or shall acquiesce in or fail to oppose any such proceedings, or shall endeavor to succeed to any part of my estate, otherwise than through this Will, then and in such of the above-mentioned cases, I hereby bequeath to such person or persons the sum of One Dollar ($1.00) only."
[fn. 5] 5. Paragraph Eighth: "I hereby declare that I have thought of and considered each and every person who would inherit from me had I died intestate and who is not mentioned in this Will, and I hereby declare that I do not desire to devise or bequeath to such person or persons any sum whatsoever and I hereby disinherit such person or persons."
[fn. 6] 6. Section 105 of the Probate Code provides that "... when an uncertainty arises upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding ... oral declarations" of the testator as to his intentions. (See also Estate of Salmonski (1951) 38 Cal.2d 199, 214 [238 P.2d 966].)