
512 P.2d 1256

**Sven Gustaf HAGERMAN, Plaintiff-Appellant,**

v.

**Marguerite GUSTAFSON, as Executrix of the Last Will and Testament of Sven Gustafson, Deceased, and Individually as the sole beneficiary of Sven Gustafson, Deceased, Defendant-Appellee.**

**No. 9504.**

Supreme Court of New Mexico.

June 1, 1973.

Rehearing Denied Aug. 10, 1973.

Montgomery, Federici, Andrews, Hannahs & Morris, Owen M. Lopez, Santa Fe, for plaintiff-appellant.

Catron, Catron & Donnelly, Santa Fe, for defendant-appellee.

OPINION

OMAN, Justice.

Plaintiff, an alleged pretermitted, illegitimate son of Sven Gustafson, deceased, brought suit in the district court against decedent's widow as the sole beneficiary under and the executrix of decedent's last will and testament. He sought recovery of his claimed intestate share of decedent's

estate. The trial court entered summary judgment for defendant. Plaintiff appealed. We reverse.

Death of the testator occurred on January 27, 1967. His will was admitted to probate in the probate court. On April 1, 1968, the probate court entered a decree denominated "Decree Approving Final Account and Report, Determining Heirship and Directing Distribution," which will hereinafter be referred to as the decree. Clearly heirship was not determined by the probate court in this decree and defendant so concedes. The final account and report of the executrix was approved, and all her acts as executrix were ratified and confirmed. It was also decreed that defendant, as executrix, " * * * transfer, assign, pay over and distribute to herself, individually, all of the remaining assets of decedent's estate."

Plaintiff filed his suit on December 10, 1971. It is apparent from the record that the trial court granted summary judgment for defendant upon the ground that plaintiff's cause of action was barred either by the limitations provision of § 31–12–13, N.M.S.A.1953, or the limitations provision of § 23–1–4, N.M.S.A.1953, or by the limitations provisions of both such statutes.

Plaintiff's claims that he is an illegitimate child of decedent, and was so recognized by decedent in writing in accordance with the provisions of § 29–1–18, N.M.S.A. 1953, are issues of fact which were in no way determined by the summary judgment. There is no doubt he was not named or provided for in the will. Thus, if his claims that he is a child of decedent, and was so recognized by the decedent in writing, are proven to be true and are not barred by the limitations provision of either § 23–1–4 or § 31–12–13, supra, he is entitled to inherit a child's share of decedent's estate just as if decedent had died intestate. See § 29–1–18, supra; § 30–1–7, N.M.S.A. 1953; In re Gossett's Estate, 46 N.M. 344, 129 P.2d 56, 142 A.L.R. 1441 (1942).

Section 30–1–7, supra, provides:

"*Children omitted from will—Receive intestate share.*—If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided. for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part."

■ The language of this statute clearly provides, as to a pretermitted child, that a decedent shall be deemed to have died intestate. Insofar as such child is concerned, there is no will. Dunham v. Stitzberg, 53 N.M. 81, 98–99, 201 P.2d 1000; 83 A.L.R. 2d 987 (1948). It follows logically therefrom that a pretermitted child's interest does not pass to or through the executor or executrix of decedent's will, and that the child's interest in decedent's estate in no way depends upon or is affected by the provisions of the will. Dunham v. Stitzberg, supra, at 89, 98–99, 201 P.2d 1000. We do not mean to suggest that the child's interest is not subject to administration for the purpose of being reached for the payment of valid claims against the estate or a proper proportion of the costs of administration. However, these questions are not before us on this appeal, except to the extent hereinafter discussed.

Section 31–12–13, supra, which is one of the statutes relied upon by defendant and relied upon by the trial court as a basis for granting the summary judgment, provides:

"*Determination of heirship—Limitation of actions.*—No action or proceeding shall be brought in any court by any per-

son, or persons, claiming an interest in or to the estate of any deceased person contrary to any judgment or decree of any probate or district court of this state purporting to determine the heirship of such deceased person or title to either the real or personal property of such deceased person's estate, or the distribution of any real or personal property pursuant to the last will and testament of such deceased person, which shall have heretofore been entered, or which may hereafter be entered, after due notice and hearing, as provided by statute, unless such action or proceeding shall be commenced within six [6] months from the time of entry of such judgment or decree, or, if entered before the effective date of this act, within six [6] months from the effective date hereof."

As stated above, the probate court did not determine the heirship of decedent, and it did not determine title to either the real or personal property of decedent, except to the extent that such may be inferred from that portion of the decree which directed the executrix, after paying the remaining expenses of administration, attorney's fees and taxes, to " * * * . thereupon transfer, assign, pay over and distribute to herself, individually, all of the remaining assets of decedent's estate." Whatever authority the probate court had to determine title to the real or personal property of decedent, or to distribute that property, this authority was obviously exercised in this case in accordance with and for the purpose of giving effect to the provisions of decedent's will. This is apparent from the fact that heirship of decedent was not determined and from the court's conclusion of law:

"That Marguerite Gustafson, who is also sometimes known as Ethel Marguerite Gustafson, decedent's surviving spouse, is the sole devisee and legatee of decedent's entire estate, and is the sole owner of and entitled to the distribution to her of all of the remaining assets of said estate, subject only to payment of the taxes, * * * and the remaining expenses of administration and attorneys fees * * *."

As above stated, plaintiff's interest in decedent's estate, if he is a pretermitted child of decedent, which is an issue of fact to be resolved at trial, did not pass to or through defendant as executrix of decedent's will, did not in any way depend upon and was in no way affected by the will, and there is no will within the contemplation of the applicable law, insofar as he is concerned. Therefore, it necessarily follows that the decree, insofar as it purported to distribute the real and personal property of decedent's estate "pursuant to the last will and testament of such deceased person," as authorized and provided by § 31–12–13, supra, distributed unto defendant only that portion of the real and personal property of decedent's estate which passed to her as the sole devisee and legatee under the will, and this did not and could not have included plaintiff's interest therein, if in fact he has an interest. Consequently, the sixth month period of limitations provided in § 31–12–13, supra, is not applicable to plaintiff's claims.

Sections 23–1–1 and 4, N.M.S.A.1953, which relate to the other period of limitations upon which defendant relied in seeking and the trial court relied in granting the summary judgment, provide:

"*23–1–1. Limitation on time of bringing actions.*—The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided."

"*23–1–4. Accounts—Unwritten contracts—Injuries to property—Conversion — Fraud — Unspecified actions — Four-year limitation.*—Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years."

As shown above, whatever rights were acquired by defendant under the will did not include the rights acquired by plaintiff as a pretermitted heir. Here custody and control over the property was exercised in her representative capacity as executrix, until the assets were distributed to her in her individual capacity as the sole devisee and legatee under the will. The record before us fails to show any actual distribution to her pursuant to the decree. Any exercise by her of control over plaintiff's property interests in the estate prior to distribution was only that control incident to her powers of administration over the entire estate.

As to the power of administration by an executor or executrix over the total assets of an estate, including the interests of pretermitted heirs, it is stated in Estate of Philippi, 71 Cal.App.2d 127, 133–134, 161 P.2d 1006, 1009 (1945):

"That the property of a deceased father vests in his pretermitted children upon his death, there being no other lineal heirs, is not an exact statement of the law. The estate vests, subject to his debts, expenses of last illness, funeral expenses and expenses of administration. Administration of an estate is necessary in order to determine the property remaining to be distributed to the heirs.

\* \* \* \* \* \*

"It is true that pretermitted children do not take under the will but under the statute. It is also true that such children cannot contest the probate of such a will as they take adversely to it. In re Estate of Sankey, 199 Cal. 391, 249 P. 517; In re Estate of Grazzini, supra [31 Cal.App.2d 168, 87 P.2d 713]. The pretermitted child may assert his right to the proper portion of his ancestor's estate at the time of the hearing of a petition for its distribution \* \* \* or by proceedings in equity \* \* \*, but may not contest the probate of the will."

At the time defendant undertook to distribute all the assets of the estate unto herself, if in fact she has done so in accordance with her interpretation of the decree, then, and only then, did she, if ever, unlawfully exercise dominion over plaintiff's interests contrary to his right to have assigned to him that portion of the estate property to which he was entitled pursuant to § 30–1–7, supra.

■ The fact that plaintiff might properly have asserted his claim as a pretermitted heir in the probate proceedings prior to the entry of the decree, did not oblige him to do so. He was not obliged to contest the decree, which accomplished only a distribution to defendant of that portion of decedent's estate acquired by her as the sole devisee and legatee under the will. He could properly anticipate that the executrix would administer the estate according to law, and this she has done, insofar as is shown by the record before us. She has not, however, been discharged as executrix and she has not distributed plaintiff's portion of the estate unto him, if in fact he is a pretermitted heir as claimed by him. Until defendant asserted unlawful dominion over plaintiff's property interest, which she must have done, if at all, after the entry of the decree, there was no dispute between them, and there was nothing over which they had reason to contest. Prior thereto she was unaware of his existence. Compare In re Martinez' Will, 47 N.M. 6, 12, 132 P.2d 422 (1942).

■ The date of the decree was April 1, 1968. The date plaintiff filed his suit was December 10, 1971. This was well within the four year period during which plaintiff was required to file his suit, if in fact defendant has asserted an unlawful claim of ownership to his interests in the estate since the entry of the decree.

It is unnecessary for us to decide and we do not decide the other issues presented on this appeal.

The summary judgment should be reversed and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.

STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.

McMANUS, C. J., dissenting.

McMANUS, Chief Justice (dissenting):

I believe the six-month statute of limitations is applicable.

The thrust of plaintiff's argument that the statute should not apply is directed along these lines: because any decree of a probate court, or district court sitting in probate, which purports to affect the interests of pretermitted children is void for lack of jurisdiction, so too is any statute of limitations which sets at rest such a decree. I would reject this reasoning in this case because the decree before us did not purport to affect the rights of the pretermitted child. In fact, the probate court did not even seem to suspect his existence.

The majority opinion's treatment of the six-month statute of limitations is perfunctory and does not direct itself to the precise language of the statute. In part, the words of § 31–12–13, N.M.S.A.1953, are:

" . . . purporting to determine the heirship of such deceased person *or* title to either the real or personal property of such deceased person's estate, *or* the distribution of any real or personal property . . . ." (Emphasis mine.)

It is my feeling that this court should give effect to clear statutory language whenever we find ourselves blessed with it. Here, the legislature formed a statute of limitations which is clearly intended to prohibit any suits, which the statute describes, after the six-month period. Possibly, in its wisdom, the legislature even anticipated that a trial court might neglect to make one of the three "determinations" and thus worded the statute disjunctively, using the word "or" twice.

Under the provisions of § 31–12–13, supra, it is unnecessary to determine which court has jurisdiction to entertain the plea of the pretermitted child. It seems that the legislature intended the estate to be completely wrapped up after the specified time period and any action included within the provisions of the section would thereafter be barred. To which actions does the section apply? It applies to those in which some person is claiming an interest in or to the estate of any deceased person. (According to § 30–1–7, N.M.S.A.1953, the pretermitted heir is entitled to such proportion of the estate of the testator as if he had died intestate.) The section applies to those actions in which the claim is contrary to any judgment or decree of any probate or district court of this state purporting to determine heirship or title or distribution pursuant to the last will and testament of such deceased person. It seems clear that if the judgment purports to make its determination pursuant to the will, and if a pretermitted child must claim adversely or contrary to the will [Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000 (1948), rules that he does], then it follows that the pretermitted child claims adversely or contrary to the judgment or decree which is rendered pursuant to the will.

Here, plaintiff is claiming an interest in this estate contrary to the decree of the Probate Court of Santa Fe County which purported to distribute both real and personal property pursuant to the last will and testament of decedent. Although, as pointed out by appellant, the probate court did not in this case directly determine heirship, it did distribute the property, in effect determining the title to it, and this is sufficient to cause the statute of limitations to begin to run. Therefore, in my opinion, plaintiff's action is barred by the statute. My colleagues having decided otherwise in the majority opinion, I respectfully dissent.