718 P.2d 702

**In the Matter of the ESTATE OF
James R. COLEMAN, Deceased,**

**Diane COLEMAN, Appellant,**

v.

**Ruth OFFUTT, Personal
Representative, Appellee.**

**No. 8847.**

Court of Appeals of New Mexico.

March 25, 1986.

James L. Dow, Dow, Feezer & Williams, P.A., Carlsbad, for appellant.

M. Jane Shuler, Marek & Yarbro, P.A., Carlsbad, Joel M. Carson, Losee & Carson, P.A., Artesia, for appellee.

## OPINION

MINZNER, Judge.

This case is before us on interlocutory appeal for a determination of the proper distribution of the estate of James R. Coleman. We granted interlocutory appeal for a determination of the proper distribution

of an estate when the decedent's will omits the spouse, *see* NMSA 1978, Section 45–2–301(A), and decedent's only child, *see* NMSA 1978, Section 45–2–302(A), and disposes of the entire estate to a third person. We affirm the trial court's conclusion that the surviving spouse is entitled to a one-fourth interest. *See* NMSA 1978, § 45–2–102(A)(2).

James R. Coleman executed his last will and testament in 1982. In the will, he left his entire estate to appellee, his sister, and stated that he purposely made no provision for his adopted son, James Wallace Coleman. In 1983, James R. Coleman married appellant. He died later that year, never having made another will.

Appellee was appointed personal representative of the estate on August 25, 1983. She subsequently petitioned for formal probate and determination of heirship. The trial court granted appellant's application for a family allowance. *See* NMSA 1978, § 45–2–401(A) (Cum.Supp.1985). The record also indicates that she received a personal property allowance pursuant to NMSA 1978, Section 45–2–402.

In late 1984, appellant petitioned the trial court for final settlement and distribution. The trial court ordered an accounting. Having complied with that order, appellee petitioned the trial court for an order approving her proposed distribution. Appellant filed objections and also moved for an order compelling the personal representative to close the estate and distribute the assets.

After a hearing, the trial court found that all of the estate was separate property, that appellant was the surviving spouse, and that transfers of the proceeds of three insurance policies to her were not made in lieu of a testamentary provision. It concluded that she was entitled to share as an omitted spouse. *See* § 45–2–301(A). The trial court also found that James Wallace Coleman was the only child of James R. Coleman and that he intentionally failed to make provision for his son; the trial court concluded that James Wallace Coleman was not entitled to a share of the estate as

a pretermitted child. *See* § 45–2–302(A)(1). The court then determined that appellant was entitled to a one-fourth interest, that James Wallace Coleman had no interest, and that appellee was entitled to the remainder of the estate.

At the time of the hearing, appellee had filed a federal estate tax return, and it had been accepted as filed. The parties advised the court, however, that the estate's liability for federal estate taxes was contingent on the size of the share to which appellant was entitled. Because appellee might be required to file an amended return, the trial judge entered an order that permitted this interlocutory appeal. *See* NMSA 1978, § 39–3–4(A).

■ The appellate issue is whether the will's exclusion of James Wallace Coleman affects the size of appellant's share. The trial court concluded that appellant was entitled to one-fourth of the estate, because James R. Coleman was survived by issue. *See* § 45–2–102(A). We agree.

Section 45–2–301(A) provides:

If a testator fails to provide by will for the surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional, or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown * * *.

Because the trial court determined that any transfers made to appellant were not in lieu of a testamentary provision, and because there is no indication in the will that James R. Coleman intentionally omitted her, she was entitled to the same share of the estate she would have received had he died intestate.

■ Appellant contends that because the trial court found that James Wallace Coleman was not entitled to any part of the estate, he is not a "child" under the New Mexico Probate Code and therefore does

not come within the definition of "issue." Neither the trial court's finding nor the relevant statutes support this contention.

Under Section 45–2–302, a child not provided for by will receives an intestate share unless it appears from the will that the omission was intentional. Although the trial court found that James Wallace Coleman was not entitled to receive the share provided by statute for a pretermitted child, the court determined that James R. Coleman was survived by a child.

Because James R. Coleman was survived by a child who would have been entitled to share had his parent died intestate, Section 45–2–102(A)(2) controls. As used in the Probate Code (NMSA 1978, Sections 45–1–101 to 45–7–401), "child" includes any individual entitled to take as a child by intestate succession from the parent whose relationship is involved. NMSA 1978, § 45–1–201(A)(3). Had James R. Coleman died intestate, it is clear that his adopted son would have been entitled to a share of the estate. §§ 45–2–103(A) and –109(A). Having satisfied the statutory definition of "child," James R. Coleman's son is also "issue" under the Probate Code. § 45–1–201(A)(21).

■ Appellant also argues that the legislature intended the will should be set aside under these circumstances. If James R. Coleman had died intestate, however, appellant would be entitled to the same one-fourth interest.

■ The will has not altered the fact that James Wallace Coleman would have been entitled to share in his father's estate had his father died intestate. An attempted disinheritance does not prevent heirs and next of kin from sharing in property as to which the decedent died intestate. *In re Estate of Barnes*, 63 Cal.2d 580, 47 Cal. Rptr. 480, 407 P.2d 656 (1965) (en banc). A clause in the will excluding the heirs from sharing in the estate is not effective unless a valid disposition is made of all the property. *Poole v. Starke*, 324 S.W.2d 234 (Tex. App.1959).

■ In addition, although the will effectively excluded James Wallace Coleman, under the will or as a pretermitted child, it has not altered the amount to which appellant is entitled under the statute of intestate succession. Insofar as she is concerned, there is no will. *See Hagerman v. Gustafson*, 85 N.M. 420, 512 P.2d 1256 (1973). The rest of the will, however, is preserved in order to carry out the intended testamentary disposition insofar as that is possible.

Under the Probate Code, disposition of property to a spouse by will is revoked by a subsequent divorce or annulment, but "[n]o change of circumstances other than as described in this section revokes a will." NMSA 1978, § 45–2–508(E). *See generally In re Estate of Seymour*, 93 N.M. 328, 600 P.2d 274 (1979). A subsequent marriage no longer revokes a will. *Cf. In re Estate of Teopfer*, 12 N.M. 372, 78 P. 53 (1904) (recognizing revocation on change of circumstance). Rather, in enacting the Probate Code, the legislature created, under certain circumstances, an intestate share for an omitted spouse. The legislature also provided family and personal property allowances to which a surviving spouse is entitled. *See* §§ 45–2–401 and –402.

■ Appellant argues that because the devises made by the will must abate, *see* § 45–2–301(B), appellee should take nothing. This reasoning equates abatement with revocation. In referring to legacies, abatement is "a proportional diminution or reduction of the pecuniary legacies when funds or assets out of which such legacies are payable are not sufficient to pay them in full." Black's Law Dictionary 4 (5th ed.1979). *See also* § 45–3–902.

The Probate Code makes identical provision for abatement in the case of a share due a pretermitted child and a share due an omitted spouse. §§ 45–2–302(C) and –301(B).

[The Uniform Probate Code] treats the omitted spouse like the pretermitted child and provides him or her with an intestate share. The purpose of this approach is to preserve the remainder of

the will. Thus, if a widower executed a will creating a trust for his children and later remarried, the second wife would obtain the same share as if the husband had died intestate, but the trust would be preserved as to the remainder of his property.

O'Connell and Effland, *Intestate Succession and Wills: A Comparative Analysis of the Law of Arizona and the Uniform Probate Code*, 14 Ariz.L.Rev. 205, 235 (1972) (footnote omitted).

Under former law, when an omitted child received a share equal to an intestate share, "all the other heirs, devisees, and legatees shall refund their proportional part." NMSA 1953, § 30–1–7. "[T]he will is not otherwise revoked but * * * the other legatees will contribute a proportional part to make up the share of the omitted or posthumous child." Flickinger, *Intestate Succession and Wills Law: The New Probate Code*, 6 N.M.L.Rev. 25, 54 (1975). A similar provision for supplying the child's share is contained in the new code. *Id.* at 54, n. 186.

The intention of the testator, expressed in his will, controls the legal effect of his dispositions. NMSA 1978, § 45–2–603. The Probate Code contains a presumption against intestacy. O'Connell and Effland, *supra*, at 250; NMSA 1978, § 45–2–604. Taken as a whole, the Probate Code provides for the omitted spouse while preserving the remainder of the will insofar as possible. *In re Estate of Beaman*, 119 Ariz. 614, 583 P.2d 270 (App.1978).

We hold that appellant is entitled to one-fourth of the estate, the amount to which she would have been entitled had James R. Coleman died intestate. §§ 45–2–301 and –102(A)(2). The remaining three-fourths of the estate passes to appellee under the terms of the will.

The order of the trial court is affirmed. Appellant shall bear the appellate costs.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.