[No. B023362. Second Dist., Div. Four. Aug. 17, 1987.]

Estate of ELIZABETH HAWKINS, Deceased.
RICHARD TENDICK, Individually and as Administrator, etc.,
Petitioner and Appellant, v.
RICHARD DOUGLAS et al., Objectors and Respondents.

**COUNSEL**

E. W. Sheridan for Petitioner and Appellant.

William C. Hiscock for Objectors and Respondents.

OPINION

McCLOSKY, J.—This is an appeal from the September 5, 1986, order distributing the residue of the estate of decedent Elizabeth Hawkins. We affirm.

Decedent died intestate on January 13, 1985, in Long Beach, California. She was survived by seven first cousins—Richard Tendick (appellant), Tekla Ballard, Fae Hamman, Martha Hamand, Virginia Struble, Lois Lea Ford and Dorothy Stringer—and two first cousins once removed—Mark Douglas and Richard Douglas (respondents) the surviving children of decedent's first cousin Marian Tendick Douglas who predeceased decedent. (See Appen. A, *post*, p. 109.)

On January 16, 1985, appellant filed a petition for probate. Therein he requested to be appointed administrator of decedent's estate and listed himself and decedent's six other first cousins as her heirs. Respondents were omitted from the list of heirs and were not given notice of the probate proceedings.

In an order setting final account and for distribution dated December 30, 1985, and filed on January 21, 1986, the probate court, having found decedent's seven first cousins to be her only heirs-at-law, ordered that each of them receive one-seventh of the residue of her estate. On February 20, 1986, respondents moved to vacate this order.

On June 17, 1986, respondents' motion to vacate was granted, the court having found that they were entitled to notice of the probate proceedings and that they were not afforded such notice. The court also granted respondents permission to file their objections to the final account and report and petition for distribution of appellant administrator.

In their objections, respondents asserted that "[t]hey are issue of the grandparents of the decedent, Elizabeth Hawkins, and are entitled to take one-sixteenth (1/16) each of her estate as issue of her grandparents, Arnold and Elizabeth Tendick pursuant to the provisions of Section 6402(d) of the Probate Code of the State of California."

On September 5, 1986, the probate court ordered that the residue of decedent's estate be distributed "to Richard Tendick, Tekla Ballard, Fae Hamman, Martha Hamand, Virginia Struble, Lois Ley [*sic*] Ford, and Dorothy Stringer, each one-eighth thereof, and to Richard Douglas and Mark Douglas, each one-sixteenth thereof."

On September 23, 1986, appellant, as administrator of decedent's estate, filed a notice of appeal from the September 5th order of distribution. He

contends (1) that he and decedent's six other first cousins are the only heirs entitled to succeed to decedent's estate under Probate Code section 6402, subdivision (d) and (2) that if the first cousins who are related to decedent in the fourth degree are decedent's "next of kin" as that term is used in Probate Code section 6402, subdivision (f), they take in preference to and to the exclusion of respondents who are related to decedent in the fifth degree.

## DISCUSSION

Before reaching the merits of appellant's appeal we first address respondents' assertion that appellant has no standing to appeal.

Generally, an administrator is not a party aggrieved by the order of distribution and has no standing to challenge the propriety of such an order on appeal.

In the present case, appellant was not only the administrator of decedent's estate but was also an heir, and hence a party aggrieved by the order of distribution. Although appellant appealed in his representative, rather than individual, capacity, "it is settled that the designation of the appellant as administra[tor] in the notice of appeal may be considered *descriptio personae* and will not prevent determination of the appeal. (*Estate of Perkins,* 21 Cal.2d 561, 566 [134 P.2d 231].)" (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97].)

In the interest of justice, therefore, we consider this appeal as having been taken by appellant in his individual capacity and proceed to determine the merits of his appeal. (See *Estate of Perkins* (1943) 21 Cal.2d 561, 566 [134 P.2d 231], citing *Estate of Strong* (1937) 10 Cal.2d 389 [74 P.2d 231]; *Estate of Conklin* (1956) 139 Cal.App.2d 532, 533 [293 P.2d 794].)

The distribution of decedent's estate is governed by Probate Code section 6402 which applies to estates of decedents who died intestate without a surviving spouse on or after January 1, 1985. (See Prob. Code, § 6400.) Decedent died on January 13, 1985.

Probate Code section 6402 sets forth in declining order of priority the heirs at law who are entitled to succeed to the intestate's estate when there is no surviving spouse. At the time of decedent's death it provided[1] "Except as provided in Section 6402.5, the part of the intestate

---

[1] "Testamentary disposition, as well as intestate succession, is a creature of statute and is controlled by the law in effect as of the date of the death." (*Department of Health Services* v. *Fontes* (1985) 169 Cal.App.3d 301, 305 [215 Cal.Rptr. 14].)

In 1985, Probate Code section 6402 was amended. (Stats. 1985, ch. 982, § 19, p. 3115.) Subdivision (d) of that section currently provides, as it did when the September 5, 1986, order of distribution was entered, as follows: "If there is no surviving issue, parent or issue of a par-

estate not passing to the surviving spouse under Section 6401, or the entire intestate estate if there is no surviving spouse, passes as follows: . . . (d) If there is no surviving issue, parent or issue of a parent, but the decedent is survived by one or more grandparents or issue of grandparents, to the grandparent or grandparents equally, or to the issue of such grandparents if there is no surviving grandparent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation.

"·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

"(f) If there is no surviving issue, parent or issue of a parent, grandparent or issue of a grandparent, or issue of a predeceased spouse, but the decedent is survived by next of kin, to the next of kin in equal degree, but when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote. . . .''

Probate Code section 50 which governs the construction of the term "issue" set forth in section 6402 (see Prob. Code, § 20), defines "issue" as follows: " 'Issue' of a person means all his or her lineal descendants of all generations, with the relationship of parent and child at each generation being determined by the definitions of child and parent.''

■ While decedent at the time of her death left no surviving spouse, issue, parent, issue of a parent, or grandparents, she was survived by issue of her grandparents. Accordingly, the distribution of her intestate estate is governed by Probate Code section 6402, subdivision (d). Probate Code section 6402, subdivision (f) has no applicability in this case, and appellant's reliance thereon is misplaced.

Decedent was the child of Claude Bell and Netta Tendick Bell. The latter was the daughter of Arnold and Elizabeth Tendick who, therefore, were decedent's maternal grandparents.

Decedent's first cousins—appellant, Tekla Ballard, Fae Hamman, Martha Hamand, Virginia Struble and Lois Lea Ford—were all grandchildren, and hence lineal descendants, of decedent's maternal grandparents Arnold

---

ent, but the decedent is survived by one or more grandparents or issue of grandparents, to the grandparent or grandparents equally, or to the issue of such grandparents if there is no surviving grandparent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.''

The 1985 amendment to Probate Code section 6402, subdivision (d) is nonsubstantive. (See Legis. Com. com., West's Ann. Prob. Code, § 6402 (1987 Supp.) p. 215.)

and Elizabeth Tendick. Decedent's first cousin Dorothy Stringer was the grandchild of decedent's paternal grandparents.

Respondents are the children of decedent's deceased first cousin Marian Tendick Douglas, who, too, was the grandchild of Arnold and Elizabeth Tendick. Respondents are, therefore, the great-grandchildren of Arnold and Elizabeth Tendick, decedent's maternal grandparents.

Because a person's "issue" means "all his or her *lineal descendants of all generations*" (Prob. Code, § 50), respondents are the issue of decedent's maternal grandparents under Probate Code section 6402, subdivision (d) and are entitled to share in decedent's estate even though they are related to her in a more remote degree than her seven first cousins. This conclusion is clearly mandated by the plain language of Probate Code sections 50 and 6402, subdivision (d).

At the time of decedent's death, Probate Code section 6402, subdivision (d) in pertinent part stated that issue of grandparents are to "tak[e] equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation," and Probate Code section 240 provided[2] "If representation is called for by this code, . . . the property shall be divided into as many equal shares as there are living members of the nearest generation of issue then living and deceased members of that generation who leave issue then living, each living member of the nearest generation of issue then living receiving one share and the share of each deceased member of that generation who leaves issue then living being divided in the same manner among his or her then living issue. . . ."

In accordance with Probate Code section 240, the trial court properly distributed one-eighth of the residue of decedent's estate to each of decedent's seven first cousins—the living members of the nearest generation of issue—and one-sixteenth of the residue of decedent's estate to each respondent—the living issue of the deceased member of the nearest generation. Respondents were entitled by right of representation to share that portion of decedent's estate (one-eighth thereof) that their deceased mother Marian Tendick Douglas would have inherited had she not predeceased decedent.

Wholly without merit is appellant's argument that respondents are barred from sharing in decedent's estate because they are the great-grand-

---

[2] In 1985, Probate Code section 240 was amended (see Stats. 1985, ch. 982, § 6, p. 3104) to read as follows: "If a statute calls for property to be distributed or taken in the manner provided in this section, the property shall be divided into as many equal shares as there are living members of the nearest generation of issue then living and deceased members of that generation who leave issue then living, each living member of the nearest generation of issue then living receiving one share and the share of each deceased member of that generation who leaves issue then living being divided in the same manner among his or her then living issue."

children of Arnold and Elizabeth Tendick—i.e., they are not the "issue of grandparents" but rather are the "issue of great-grandparents." The trial court aptly noted: "The status of the person through whom the claimants are seeking recovery is not measured in the first instance by looking at the relationship between the claimants and the person through whom they are claiming (in this case great-grandparents and great-grandchildren) but between the decedent and the person through whom the claimants are seeking - in this case grandparent/grandchild. The language of the statute says, '. . . but the *decedent* is survived by one or more grandparents *or issue* of grandparents. . . .' Therefore, it's the relationship between Elizabeth Hawkins and Arnold and Elizabeth Tendick that is important in the first instance." (Italics in original.)

Probate Code section 6402, subdivision (d) does not provide for tracing through decedent's great-grandparents, and respondents are not doing so. Their claim to a portion of decedent's estate is based upon their lineal descent from decedent's maternal grandparents. The mere fact that decedent's maternal grandparents are also respondents' maternal great-grandparents does not bar respondents from inheriting a portion of decedent's estate under Probate Code section 6402, subdivision (d).

We have considered appellant's other arguments and conclude that they are without merit. Those arguments regarding class gifts and future interests are particularly meritless since decedent died intestate. Appellant's reliance on case law and statutes from other jurisdictions and case law from this state construing intestacy statutes that existed prior to January 1, 1985, is misplaced since these authorities are inapposite.

The September 5, 1986, order of distribution is affirmed. Respondents Mark Douglas and Richard Douglas are awarded costs on appeal.

Kingsley, Acting P. J., and Cole, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied October 21, 1987.

---

* Assigned by the Chairperson of the Judicial Council.